ELLIOTT N. TIOMKIN, ESQ. (SBN 248737)
LAW OFFICES OF ELLIOTT N. TIOMKIN
16133 Ventura Boulevard, Suite 700
Encino, California 91436
(310) 774-1437 telephone
(310) 919-3744 facsimile
etiomkin@gmail.com electronic mail

Attorneys for Plaintiff FRANCINE WESTHOFF

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCINE WESTHOFF,<br><br>                  Plaintiff,<br><br>        vs.<br><br>COUNTY OF LOS ANGELES; DOES 1-10,<br><br>                  Defendants. | CASE NO. 2:20-cv-2289<br><br>COMPLAINT FOR DAMAGES<br><br>1. 42 U.S.C. § 1983 (Individual Liability)<br>2. 42 U.S.C. § 1983 (Municipal Liability)<br><br>REQUEST FOR TRIAL BY JURY |

COMES NOW, plaintiff FRANCINE WESTHOFF and for causes of action against

defendants, and each of them, alleges:

## GENERAL ALLEGATIONS

1.      Jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 and 1343.

2.      This is a complaint for money damages by plaintiffs arising under United States Code,

Title 42, Sections 1983 and 1988 for redress of deprivation under color of law of their

rights, privileges and immunities secured by said statutes, and by the Fourth Amendment

applicable to defendants through the Fourteenth Amendment to the United States

Constitution. This action arises out of an incident wherein Defendants, in their official capacity as Deputy Sheriffs for the County of Los Angeles detained Plaintiff during a traffic stop. As Plaintiff was being detained, one of the defendants sexually assaulted Plaintiff under the pretense of a search.

3. At all times herein mentioned, Plaintiff was a citizen of the United States, residing in the County of Los Angeles and the State of California, within the Central District of this Court.

4. Defendant COUNTY OF LOS ANGELES is and at all times material herein was a public entity duly organized by charter and existing as such in the State of California.

5. At all times material herein, defendant COUNTY OF LOS ANGELES was responsible for the promulgation and implementation of policies, rules, regulations, and procedures for the LOS ANGELES COUNTY SHERIFF and its deputies, including but not limited to, hiring, training, supervision, retraining, discipline and termination.

6. At all times material herein, defendants DOES NO. 1-10 (hereinafter "DEPUTY DEFENDANTS") were duly appointed, qualified and acting deputy sheriffs employed as such by defendant COUNTY OF LOS ANGELES and at all times material herein, said defendants were acting in the course and scope of such employment and under color of state law as a peace officer.

7. At all times material herein, defendants DOES 1-10, and each of them, were acting as the employees, agents, representatives, and officers of every other defendant herein, and within the course and scope of such employment and agency.

# FIRST CAUSE OF ACTION

## AGAINST DEPUTY DEFENDANTS FOR VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983)

8.  On March 8, 2018, Plaintiff was a passenger in a vehicle driven by her husband. Plaintiff and her husband were leaving a friend's home at 15921 Ocean Avenue in Whittier, California.

9.  As their vehicle began to pull out of the driveway, a Los Angeles Sheriff's Department patrol vehicle began to follow them. The sheriff's patrol car then directed a spotlight at the vehicle occupied by Plaintiff. Plaintiff's husband pulled over and stopped a short distance away.

10. Two male deputies approached, one on each side of the vehicle. One of the deputies immediately pulled out Plaintiff's husband, handcuffed him, and placed him in the rear of a patrol car.

11. The other male deputy approached on the passenger side, pointed a bright flashlight at Plaintiff's eyes, and yelled at Plaintiff to exit the vehicle. Plaintiff unbuckled her seat belt and complied. Plaintiff's hands were placed behind her back, and Plaintiff was ordered to stand in front of the patrol car and not to look at her husband, who was still seated in the patrol car.

12. After several minutes, a female deputy arrived and proceeded to search Plaintiff. Throughout this time, Plaintiff remained detained while a light continued to be directed at Plaintiff's face.

13. The female deputy tightened handcuffs around Plaintiff's wrists, and pushed Plaintiff by her hands towards the patrol car. While holding Plaintiff's interlocked upper limbs, the

female deputy began to loudly yell at Plaintiff. The female deputy was very agitated. As she was yelling, the female deputy's saliva made contact with the side of Plaintiff's face.

14. The female deputy ordered Plaintiff to spread her legs. Plaintiff complied. The female deputy then ordered Plaintiff to spread her legs wider. Plaintiff complied and the female deputy began running her hands over Plaintiff's body.

15. As the female deputy was touching Plaintiff, three male deputies stood and observed the entire interaction.

16. The female deputy began by running her fingers through Plaintiff's hair. She then proceeded to lift up Plaintiff's shirt and bra and expose and touch her breasts. The female deputy proceeded to place her hands inside Plaintiff's leggings and penetrated Plaintiff's rectum and then her vagina.

17. The female deputy pulled her fingers out of Plaintiff, felt Plaintiff's tailbone, stated "what is this," and pulled down. Plaintiff lost her balance from the pain and fell. The female deputy then pulled Plaintiff up from the ground by her interlocked handcuffed hands, injuring Plaintiff's thumb.

18. The female deputy then proceeded to open the door of the patrol car, and roughly threw Plaintiff inside. The female deputy obtained Plaintiff's identification and ran her identification through her mobile terminal.

19. The female deputy turned around, looked at Plaintiff and said, "no hard feelings, you know it's just protocol, right?"

20. Plaintiff was subsequently released with no further explanation. Neither contraband nor evidence of criminal activity were found on Plaintiff and Plaintiff was never charged with any crime.

21. No lawful basis existed for the DEPUTY DEFENDANTS to sexually assault Plaintiff. The deputies participated in raping Plaintiff under color of law. Their conduct was entirely unjustified and unreasonable.

22. On March 8, 2018, Plaintiff contacted the Internal Affairs Bureau and made a report of the incident.

23. Nearly five months later, on August 6, 2018, Captain James Tatreau acknowledged the complaint, writing "my goal is to ensure your complaint is fully investigated in a timely manner."

24. Nineteen days later, Captain Tatreau wrote another letter to Plaintiff. He stated, "On March 8, 2018, you contacted Internal Affairs Bureau and alleged that Norwalk personnel was rude and conducted an inappropriate body search. Your complaint has been thoroughly investigated. Lieutenant Peterson conducted an inquiry and found that the deputies' conduct was reasonable and within Department policy."

### A. RAPE UNDER COLOR OF LAW UNDER SECTION 1983

25. Plaintiff realleges Paragraphs 1 through 24, as though set forth herein verbatim.

26. DEPUTY DEFENDANTS participated in raping Plaintiff under color of law during a detention. The actions taken by the DEPUTY DEFENDANTS were not objectively reasonable.

27. DEPUTY DEFENDANTS' rape of Plaintiff, was conducted for the purpose of violating and did violate plaintiff's civil rights, specifically her right to be free of unreasonable searches and seizures, and the deprivation of liberty and property without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

### D. VIOLATION OF DUE PROCESS RIGHTS UNDER SECTION 1983 THROUGH FAILURE TO INTERVENE

28.    Plaintiff realleges Paragraphs 1 through 27, as though set forth herein verbatim.

29.    As law enforcement officers, DEPUTY DEFENDANTS had an affirmative duty to enforce the law and preserve the peace. This duty included stopping others from violating the law or depriving an individual of his or her constitutional rights. A peace officer may not ignore the duty imposed on his office and, having the opportunity, fail to stop or deter other persons from illegally punishing or using unnecessary or excessive force upon a third person in his presence.

30.    DEPUTY DEFENDANTS' failure to intervene even as Plaintiff was raped under color of law, was conducted for the purpose of violating and did violate Plaintiff's civil rights, specifically her right to be free of unreasonable searches and seizures, and the deprivation of liberty and property without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

31.    DEPUTY DEFENDANTS' rape of Plaintiff under color of law, and their failure to intervene, all violated Plaintiff's civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, and caused Plaintiff palpable harm.

32.    As a proximate result of the aforementioned acts and omissions of DEPUTY DEFENDANTS, and each of them, Plaintiff has suffered and will continue to suffer physical injury, as well as mental pain, fear, anguish, torment, anxiety, humiliation, depression and emotional distress, all proximately resulting in some permanent impairment, disability and damage, according to proof.

33. As a proximate result of the aforementioned acts and omissions of DEPUTY DEFENDANTS, and each of them, Plaintiff has incurred and will continue to incur doctor, medical, psychiatric, pharmaceutical and incidental expenses, according to proof.

34. The aforementioned acts and omissions of DEPUTY DEFENDANTS, and each of them, were despicable and outrageous, warranting the imposition of punitive and exemplary damages, as said acts were committed by DEPUTY DEFENDANTS and each of them knowingly, willfully, and maliciously, and with the intent to oppress Plaintiff because of her assertion of her constitutional rights, or in reckless disregard for Plaintiff's civil rights, and in order to cause her injuries and the loss of her aforesaid constitutional rights. By reason thereof, Plaintiff requests that said Defendants each be required to pay damages in an amount sufficient to deter others from such conduct and to make an example of said individual defendants.

35. By reason of the aforementioned acts and omissions of DEPUTY DEFENDANTS, Plaintiff requests payment by defendants of a reasonable sum as and for attorney fees pursuant to Title 42 of the United States Code, section 1988.

**SECOND CAUSE OF ACTION**
**AGAINST DEFENDANTS COUNTY OF LOS ANGELES FOR VIOLATION OF CIVIL RIGHTS**
**(42 U.S.C. § 1983 *Monell* Claim)**

36. Plaintiff realleges Paragraphs 1 through 35, as though set forth herein verbatim.

37. Defendant COUNTY OF LOS ANGELES at all times material herein was, and now is, a public entity, authorized and existing as such under the laws of the State of California. At all times herein mentioned, COUNTY OF LOS ANGELES possessed the power and authority to enact legislation, adopt policies, prescribe rules and regulations, customs, usages and practices affecting the operation of its Sheriff's Department, and particularly

said Department's hiring, training, supervision and disciplinary practices, as well as the Department's use of force against civilians, and its continuing failure to objectively and thoroughly investigate crimes committed by its rank and file.

38.   At all times material herein, COUNTY OF LOS ANGELES, and employees acting under its direction and control, knowingly and intentionally promulgated, maintained, tolerated, applied and enforced policies, customs, practices and usages in violation of the provisions of the Fourth and Fourteenth Amendments to the United States Constitution, which customs, policies, practices and usages, at all times herein mentioned, required, or at least encouraged, tolerated or ratified, the employment, deployment, and retention of persons as peace officers who are unsuitable due to bias, prejudice and/or a propensity for manifesting violence, cruelty and dishonesty toward and upon all manner of persons with whom they come into contact in the course of their duties as peace officers, including the DEPUTY DEFENDANTS.

39.   Numerous inquiries and investigations by public and private entities, ranging from the American Civil Liberties Union to the United States Department of Justice, have found that Defendant COUNTY OF LOS ANGELES's Sheriff's Department have a custom, policy, practice, and usage requiring, encouraging, tolerating, or ratifying civil rights violations, including excessive force, violence, and cruelty toward unarmed citizens, bias and prejudice, dishonesty, false police reports, fabrication of evidence and/or probable cause, false arrest and imprisonment, and witness intimidation.

40.   Pursuant to said policies, customs, practices and/or usages, DEPUTY DEFENDANTS were at all times material herein employed, retained and assigned to duties as peace officers for defendant COUNTY OF LOS ANGELES and, as such, said employees,

agents and representatives were acting under the COUNTY OF LOS ANGELES' discretion and control. The COUNTY OF LOS ANGELES knew, or in the exercise of reasonable care should have known, that DEPUTY DEFENDANTS had a propensity for violence, cruelty, dishonesty and unlawfulness and for inflicting upon all manner of persons, including Plaintiff, unreasonable and unnecessary force without a warrant or other legal justification, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

41.    Following their custom and practice, defendant COUNTY OF LOS ANGELES, ratified the misconduct of rogue deputies, including DEPUTY DEFENDANTS, by, for example, ignoring multiple complaints into the conduct of deputies, authoring use of force reports which approved of misconduct, approving false and malicious prosecutions of individuals who suffered excessive force, failing to properly hire, train, discipline, and terminate deputies who had violated the civil rights of civilians.

42.    Also, in the instant case, defendant COUNTY OF LOS ANGELES ratified the misconduct of DEPUTY DEFENDANTS by, for example, ignoring multiple complaints into the conduct of DEPUTY DEFENDANTS, authoring reports which approved of misconduct of DEPUTY DEFENDANTS, failing to properly hire, train, discipline, and terminate DEPUTY DEFENDANTS, and conspiring to and covering up the aforesaid constitutional deprivations which proximately caused the injuries to plaintiff.

43.    Also, in the instant case, in response to Plaintiff's Complaint to Internal Affairs, Captain Tatreau and Lieutenant Petersion ratified and covered up the conduct of DEPUTY DEFENDANTS, refused to conduct an appropriate investigation, and even refused to release names of DEPUTY DEFENDANTS.

44.    The custom and practice of defendant COUNTY OF LOS ANGELES proximately caused the aforesaid injuries to Plaintiff, all to her general damages in an amount to be proved at trial.

45.    By reason of the aforementioned acts and omissions of defendant COUNTY OF LOS ANGELES, Plaintiff requests payment by defendant COUNTY OF LOS ANGELES of a reasonable sum as and for attorney fees pursuant to Title 42 of the United States Code, section 1988.

**WHEREFORE**, plaintiff, prays for judgment against these defendants and each of them, as follows:

1. For general damages, according to proof;

2. For special damages for medical and related expenses, according to proof;

3. For punitive damages against the individual defendant(s), as allowed by law;

4. For reasonable attorney's fees pursuant to Title 42, United States Code, Section 1988;

5. For plaintiff's costs of suit herein;

6. For such other and further relief as this Court deems just and proper.

Dated: March 8, 2020                    LAW OFFICES OF ELLIOTT N. TIOMKIN


                                        BY      /s/ Elliott N. Tiomkin
                                                _____
                                                ELLIOTT N. TIOMKIN
                                                Attorneys for Plaintiff, Francine Westhoff

**REQUEST FOR TRIAL BY JURY**

Plaintiff Francine Westhoff hereby requests a trial by jury of the within action.


DATED: March 8, 2020                          Respectfully submitted,

                                              LAW OFFICES OF ELLIOTT N. TIOMKIN


                                              BY      /s/ Elliott N. Tiomkin

                                              _____
                                              ELLIOTT N. TIOMKIN
                                              Attorneys for Plaintiff, Francine Westhoff